UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDDIE STEWART, III | CIVIL ACTION |
| VERSUS | NO. 17-7775 |
| MARATHON PETROLEUM CO., LP ET AL. | SECTION "N" (2) |

## ORDER AND REASONS ON MOTION

This is a personal injury case brought in this court pursuant to diversity of citizenship jurisdiction. Plaintiff, Eddie Stewart, III, alleges that he was injured on August 11, 2016, when the commercial tanker trailer that he had driven from Louisiana to Michigan was cleaned improperly after offloading of its chemical cargo and negligently reloaded with the incorrect chemical by employees at the refinery of defendant, Marathon Petroleum Co. ("Marathon"), which caused the trailer to explode several hours later in Ohio while plaintiff was in transit back to Louisiana.

Marathon filed a Motion for Protective Order. Record Doc. No. 52. The motion seeks an order protecting Marathon from responding to plaintiff's written discovery, which the presiding district judge previously permitted on a limited basis, Record Doc. No. 46, solely for purposes of addressing Marathon's pending motion to dismiss for lack of personal jurisdiction. Record Doc. No. 14. Stewart filed a timely opposition memorandum. Record Doc. No. 57. Marathon received leave to file a reply memorandum. Record Doc. Nos. 60, 61, 62. The court heard oral argument on the

motion on January 24, 2018. IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

"<u>Unless otherwise limited by court order</u>, the scope of discovery is . . . any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). In this case, Chief Judge Engelhardt has issued an order restricting discovery at this time to "appropriately-tailored <u>interrogatories and document requests</u> . . . [specifically citing only Fed. R. Civ. P. 33 and 34] . . . <u>limited to the issue of personal jurisdiction</u>." Record Doc. No. 46 (emphasis added). Depositions, requests for admissions, third-party subpoenas or other forms of discovery extending to other claims or defenses beyond personal jurisdiction are not permitted.

Thus, the motion is granted as to plaintiff's requests for admissions submitted to Marathon. Use of this form of discovery allowed by Rule 36 was <u>not</u> permitted by Chief Judge Engelhardt's order limiting discovery. No responses to these requests for admissions need be provided.

As to the subject interrogatories and requests for production, determination of this motion requires evaluation of the standards applicable to both the personal jurisdiction defense and the scope of and limitations on discovery imposed by Fed. R. Civ. P. 26(b)(1) and (2). In this case, plaintiff asserts that personal jurisdiction over Marathon is proper in this district "through <u>both</u> general and specific jurisdiction." Plaintiff's

opposition memorandum, Record Doc. No. 57 at p. 3 (emphasis added). In its reply memorandum, Marathon argues that Chief Judge Engelhardt's order permitted Stewart to conduct discovery as to general jurisdiction only. Record Doc. No. 62 at pp. 2, 8. I disagree. As quoted above, Chief Judge Engelhardt's order was clear that discovery was being permitted "limited to the issue of personal jurisdiction." Although his order discussed the "at home" component of the personal jurisdiction standard, the order's conclusion permitted discovery as to the personal jurisdiction defense as a whole, <u>not</u> just as to general jurisdiction. If Chief Judge Engelhardt had intended to restrict discovery to general jurisdiction only, he could easily have done so by inserting the single word "general" into the key sentence of his order. He did not.

Judge Barbier of this court recently outlined the United States Supreme Court and Fifth Circuit standards for personal jurisdiction over a nonresident defendant in a diversity case, as follows.

> First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees.
> The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction <u>in personam</u> of a non-resident defendant unless the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Sufficient minimum contacts will give rise to either specific, case-linked jurisdiction or general, all-purpose jurisdiction.

> Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. In order to establish specific jurisdiction, a plaintiff must show that (1) there are sufficient (i.e., not random fortuitous or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts. The defendant can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable.
>
> General jurisdiction, on the other hand, does not require a showing of contacts out of which the cause of action arose. A court may assert general jurisdiction over foreign defendants to hear any and all claims against them. The proper consideration when determining general jurisdiction is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."
>
> Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." With respect to a corporation, the paradigm bases for the exercise of general jurisdiction are "the place of incorporation and principal place of business." General jurisdiction does not exist simply because of "the magnitude of the defendant's in-state contacts." Rather, a court must appraise the defendant's activities "in their entirety, nationwide and worldwide."

Long v. Patton Hosp. Mgmt., LLC, No. 15-2213, 2016 WL 760780, at *3-4 (E.D. La. Feb. 26, 2016) (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 760, 761, 762 n.20 (2014)) (additional quotations and citations omitted).

As to specific jurisdiction, as several courts have recently illustrated, examples of facts that may establish a defendant's pre-litigation contacts with the forum from which plaintiff's cause of action must arise or be connected, include defendant's business locations and number of employees in the forum state; ownership or management of real

property in the state; transacting and soliciting business with companies and customers in the forum; execution, delivery and performance in the state of contracts related to the claims in the lawsuit; total revenues from defendant's in-state activities; registering for business and maintaining a registered agent for service in the forum; paying state income, property and unemployment taxes; and regularly attending trade shows in the forum state. See Mercury Rents, Inc. v. Crenshaw Enters., LLC, No. 6:16-CV-1741, 2017 WL 2380642, at *5 (W.D. La. Apr. 13, 2017), report & recommendation adopted, 2017 WL 2382483 (W.D. La. May 30, 2017); Long, 2016 WL 760780, at *4-6; Norman v. H&E Equip. Servs., Inc., No. 3:14-CV-367, 2015 WL 1281989, at *3 (M.D. La. Mar. 20, 2015).

As to general jurisdiction, one federal district court in Louisiana has noted that the Supreme Court in "Daimler [c]hanged the [j]urisdictional [l]andscape" dramatically. Gulf Coast Bank v. Designed Conveyor Sys., LLC, No. 16-412-JJB-RLB, 2017 WL 120645, at *2 (M.D. La. Jan. 12, 2017). Justice Sotomayor in her concurrence in the Daimler judgment sounded a well-founded alarm that the

> Court's focus on [defendant] Daimler's operations outside of [the forum state] ignores the lodestar of our personal jurisdiction jurisprudence: A State may subject a defendant to the burden of suit if the defendant has sufficiently taken advantage of the State's laws and protections through its contacts in the State; whether the defendant has contacts elsewhere is immaterial[,]

Daimler, 134 S. Ct. at 773 (Sotomayor, J., concurring in the judgment), and that the Daimler Court "adopt[ed] a new rule of constitutional law that is unmoored from decades

of precedent." Id. at 764. Nonetheless, Daimler's holdings are binding on this court and must be applied to the instant dispute.

Marathon relies heavily on Daimler for its argument that the subject discovery "has not been appropriately-tailored and, as such, has not been permitted by Judge Engelhardt." Defendant's motion, Record Doc. No. 52 at p. 1. Since Daimler was decided, "the Fifth Circuit has observed that '[i]t is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'" Mercury Rents, 2017 WL 2380642, at *5 (quoting Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 432 (5th Cir. 2014)).

However, the difficulty of establishing general jurisdiction post-Daimler does not foreclose all of the discovery that plaintiff seeks from Marathon. Unlike the captioned lawsuit between United States citizens involving events that occurred in interstate commerce between Louisiana and Michigan and in which Stewart has asserted both general and specific jurisdiction, Daimler was a suit by Argentinian residents against a German corporation arising from events that occurred solely in Argentina in which general – not specific – jurisdiction was the sole basis of evaluation. In reaching its conclusions, the Daimler Court focused particular "attention" on "the transnational context of this dispute" and the need to "heed . . . the risks to international comity." Id. at 762-63. No such transnational context or risks to international comity are involved in the instant case.

While Marathon is certainly correct in pointing out the Daimler Court's clarification in a footnote that the general jurisdiction evaluation "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide," the same footnote makes clear in the preceding sentence that examination of defendant's contacts with the forum state remain relevant, although not the sole focus of the inquiry.  Id. at 762 n.20.  Indeed, the Court specifically refused to "foreclose the possibility that in an exceptional case, . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."  Id. at 761 n.19.

Further, the Court noted that it had previously held that defendant's place of incorporation and principal place of business are the "paradigm" bases for the exercise of general jurisdiction, but that its precedent "did **not** hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business."  Id. at 760 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54 (2011)) (bold emphasis added; underlined emphasis in original).  The dictionary definition of "paradigm" is "example, pattern; especially:  an outstandingly clear or typical example or archetype."  Merriam-Webster.com (Merriam-Webster) https://www.merriam-webster.com/dictionary/paradigm (last visited Jan. 23, 2018). Synonyms for "paradigm" include "ideal, paragon, touchstone." Dictionary.com Unabridged (Random House, Inc.), http://www.dictionary.com/browse/paradigm (last

visited Jan. 23, 2018). Thus, a paradigm is just one ideal example among a set of possible examples. The paradigmatic bases of place of incorporation and principal place of business cited in Goodyear and Daimler are not necessarily the exclusive bases for the exercise of general jurisdiction, and are certainly not the exclusive bases for specific jurisdiction.

Even if the Daimler reasoning extends to a case like the instant one, which differs so markedly in its facts concerning the citizenship of the parties and the place where the allegedly actionable events occurred, relevant and proportional discovery must be permitted that is sufficient to address whether this may be the "exceptional case" Daimler itself postulates in which Marathon's operations in Louisiana are so substantial and of such a nature and frequency as to render the corporation "at home" in this state.

Applying the foregoing standards, together with the scope and limitation standards of Fed. R. Civ. P. 26(b)(1) and (2) applicable to all discovery, the specific discovery requests are addressed as follows.

The motion is granted as to Interrogatories Nos. 4 and 5, which are duplicative of the permissible discovery requests in Interrogatory No. 3 and Request for Production No. 3. "[T]he court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). Marathon need not respond to Interrogatories Nos. 4 and 5.

The motion is also granted as to Interrogatories Nos. 7, 10, 14, 16, 17, 18, 19, 20 and 22, which seek information that is neither relevant nor proportional to the limited scope of discovery permitted by Fed. R. Civ. P. 26(b)(1) and (2) and Chief Judge Engelhardt's order. Marathon need not respond to these interrogatories.

With respect to the remaining interrogatories and requests for production of documents, the motion is granted in part to the extent that any request seeks materials beyond an appropriate time period. That time period is hereby defined as and limited to the period of three (3) years before the accident date of August 11, 2016, through the present, which applies to all of the following requests that seek a longer time period.

Subject to the foregoing time period limitation, the motion is denied as to Interrogatory Nos. 1, 2, 3, 8, 9, 11, 12, 13, 15, 21 and 23. Interrogatories Nos. 21 and 23 are appropriately addressed to Stewart's allegation that Marathon is subject to specific jurisdiction. All of these interrogatories seek information within the scope and proportionality requirements of Fed. R. Civ. P. 26(b)(1) and (2) and Chief Judge Engelhardt's order. Marathon must provide written responses to these interrogatories, sworn under oath as required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5).

The motion is denied as to Interrogatory No. 6 and Request for Production No. 4 regarding Marathon's relationship(s) with defendants Quality Distribution, Inc. and Quality Carriers, Inc. Plaintiff alleges in his amended complaint that these companies are foreign corporations licensed to and doing business by operating a trucking terminal

in Louisiana. Record Doc. No. 23 at p. 2. Marathon's relationship with these companies may give rise to and is a factor to be considered in the specific jurisdiction analysis. Norman, 2015 WL 1281989, at *3. While the relationship alone may not be enough to establish jurisdiction, the requests are within the permissible scope of discovery. Marathon must provide written responses and produce all responsive materials within its possession, custody or control.

The motion is denied as to Requests for Production Nos. 1, 2, 3 and 6, which are within the scope and proportionality limits of discovery Rule 26 and Chief Judge Engelhardt's order. Marathon must provide written responses and produce all responsive materials within its possession, custody or control.

The motion is granted in part and denied in part as to Request for Production No. 5. The motion is denied in that Marathon must produce any lease, security, co-ownership or other interest in real property or assets that it held in Louisiana, limited to materials in effect at the time of the accident at issue through the present. The motion is granted and Marathon need not respond with respect to past and present parents, subsidiaries, affiliates, divisions, business units, predecessors in interest or agents. Marathon must provide written responses and produce all responsive materials within its possession, custody or control.

Accordingly, Marathon is HEREBY ORDERED to respond to plaintiff's discovery requests as ordered and limited above, fully and in writing, in accordance with

Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to plaintiff's counsel, no later than February 7, 2018.

New Orleans, Louisiana, this \_\_\_24th\_\_\_ day of January, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE