# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE STEWART, III** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-7775** |
| **MARATHON PETROLEUM COMPANY LP, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Quality Carriers, Inc.'s ("Quality Carriers") motion[1] to dismiss for improper venue or, alternatively, to transfer to a proper venue. For the following reasons, the motion to dismiss is granted.

## I.

This case arises out of an accident that occurred in Ohio. Quality Carriers is a bulk transportation company with several terminals in Louisiana, and plaintiff Eddie Stewart, III ("Stewart") is a Louisiana resident and commercial truck driver.[2] In August 2016, Quality Carriers assigned Stewart a job transporting a fertilizer product from Louisiana to Michigan.[3] After he had completed that assignment, and while he was still in Michigan, Quality Carriers assigned him another job transporting a different chemical from Michigan to Texas.[4]

---

[1] R. Doc. No. 115.
[2] *See* R. Doc. No. 1, at 2, 3; R. Doc. No. 23, at 2.
[3] R. Doc. No. 1, at 5.
[4] *Id.* at 6.

Pursuant to his supervisor's instructions, Stewart had the tanker-trailer washed at a specialized facility in Detroit.[5] Stewart next had the tanker-trailer loaded at a refinery—also in Detroit—where it was allegedly loaded with the wrong chemical.[6] Shortly after Stewart left the refinery for Texas, the tanker-trailer exploded on the side of the interstate in Ohio.[7]

Stewart filed this lawsuit in August 2017, naming several defendants: Marathon Petroleum Company LP ("Marathon"); Polar Corporation and its subsidiary, Polar Tank Trailer, LLC (collectively, "Polar"); Quality Distribution, Inc. and its subsidiary, Quality Carriers; and Qualawash Holdings, LLC.[8] The Court has since dismissed every defendant from this case except Quality Carriers, who now moves the Court to dismiss Stewart's complaint for improper venue or, alternatively, to transfer the case to a proper venue.[9]

## II.

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The venue inquiry is governed by 28 U.S.C. § 1391(b), which provides in pertinent part that a plaintiff may bring a civil action in:

---

[5] *Id.* at 5.
[6] *Id.* at 5–6.
[7] *Id.* at 9.
[8] *Id.* at 2; R. Doc. No. 23, at 2.
[9] R. Doc. No. 115.

(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Generally, the residency of a corporate defendant is deemed to be "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). However, in a state with multiple judicial districts, if a corporate defendant is "subject to personal jurisdiction" in such state "at the time [the] action was commenced," the defendant "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d). "[I]f there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.*

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred . . . ." *Atlantic Marine Constr. Co., Inc. v. United States Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 56 (2013). The burden is on the plaintiff to establish that his chosen district is a proper venue. *Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012) (Vance, J.) (citing *Perez v. Pan Am. Life Ins. Co.*, No. 95-20298, 1995 WL 696803, at *1 (5th Cir. Oct. 20, 1995)). "[T]he court must accept as true all allegations

3

in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). However, unlike in a Rule 12(b)(6) inquiry, the Court may consider extrinsic evidence—including affidavits and other evidentiary materials—in determining whether venue is proper. *See Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

### III.

In his complaint, Stewart relies on Section 1391(b)(2) to assert that venue is proper in the Eastern District of Louisiana because "a substantial portion of the ongoing and underlying events occurred [here]."[10] He does not argue that venue is proper here pursuant to Section 1391(b)(1); the Court therefore considers any argument as to Section 1391(b)(1) waived.[11]

Quality Carriers argues that Stewart's chosen venue is improper under Section 1391(b)(2) because "none of the acts that gave rise to this litigation occurred in the state of Louisiana."[12] Stewart disagrees and argues that several of the events forming the basis of this dispute occurred in Louisiana. For example, Stewart entered into an agreement with Quality Carriers in Louisiana; Stewart used the tanker-trailer assigned to Quality Carriers' Louisiana terminal to travel from Louisiana to Michigan; and Stewart took direction from the dispatchers in Louisiana.[13] But

---

[10] R. Doc. No. 1, at 1.
[11] If the Court were to determine that it has personal jurisdiction over Quality Carriers, Quality Carriers can be deemed to "reside" in this district pursuant to Section 1391(b)(1). 28 U.S.C. § 1391(c)(2). However, Stewart does not attempt to argue that the Court can exercise personal jurisdiction over Quality Carriers.
[12] R. Doc. No. 115-1, at 3.
[13] R. Doc. No. 120, at 3.

4

Section 1391(b)(2) states that a civil action may be brought in a judicial district when a substantial part of the events or omissions forming the basis of the dispute occurred in *that district*.[14]

It does not appear that *any* of the events giving rise to Stewart's claim took place in the Eastern District of Louisiana.[15] Although Quality Carriers had more than one terminal in Louisiana at the time of the accident, the terminal pertinent to this lawsuit was located in St. Gabriel, which is in the Middle District of Louisiana.[16] Because Stewart has presented no facts to suggest that any of the events underlying this case took place in this district, the Court cannot logically conclude that a substantial part of such events occurred here. This Court is thus an improper venue under Section 1391(b)(2).

---

[14] "[T]he chosen venue does not have to be the place where the most relevant events took place, but the selected district's contacts still must be substantial." *Ross*, 2012 WL 72703, at *3. "'[S]ubstantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Miller Masonry, Inc. v. EMB Quality Masonry, LLC*, No. 13-6737, 2014 WL 5340747, at *2 (E.D. La. Oct. 20, 2014) (Milazzo, J.) (quoting *Univ. Rehab. Hosp., Inc. v. Int'l Co-Op Consultants*, No. 05-1827, 2006 WL 1098905, at *2 (W.D. La. Apr. 24, 2006) (Little, J.)).

[15] Stewart is a resident of the Eastern District of Louisiana, and his complaint states that venue is proper here, in part, because "all of [his] treating physicians and certain indispensable witnesses reside [here]." However, he does not specify who those witnesses are, and—as Quality Carriers argues—"[t]he vast majority of courts to address the issue—including courts in this Circuit—have held that the focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant." *Gray Cas. & Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351, at *3 (E.D. La. Jan. 7, 2013) (Engelhardt, J.).

[16] This fact is uncontested. *See* R. Doc. No. 115-1, at 2; R. Doc. No. 120, at 6.

Section 1391(b)(3) applies to situations in which "there is no district in which an action may otherwise be brought," 28 U.S.C. § 1391(b)(3), and it does not support Stewart's argument. It is a "fallback option" in instances where venue is not proper under the first two categories. *Atlantic Marine Constr. Co., Inc.*, 571 U.S. at 57. Section 1391(b)(3) is inapplicable to this case because there is at least one other district in which this action may be brought.[17]

IV.

On July 2, 2018, the Court granted motions to dismiss for lack of personal jurisdiction filed by defendants Polar and Marathon. Stewart attempted to appeal those orders, but the Fifth Circuit dismissed his appeal for lack of jurisdiction because this Court had not certified the orders for immediate appeal pursuant to either Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1292(b).[18] In his

---

[17] The route Stewart was traveling when the tanker-trailer exploded originated in Detroit, which is in the Eastern District of Michigan. R. Doc. No. 1, at 6. The facility where the tanker-trailer was washed between jobs is located in Detroit. *Id.* at 5. (This is an important event because Stewart's complaint alleges that the company that washed out the tanker-trailer was negligent and that such negligence contributed to his injuries. *Id.* at 14.) Finally, the refinery where the incorrect chemical was loaded onto the tanker-trailer is located in Detroit. *Id.* at 6.

Nevertheless, this Court need not opine as to whether the Eastern District of Michigan and/or any other district is a proper venue. The point is that there is a district where the case may be brought, and such district is not the Eastern District of Louisiana.

The Court notes, however, that Stewart takes the position that the Eastern District of Michigan is a proper venue. He filed a lawsuit in the Eastern District of Michigan against three of the five defendants originally named in this lawsuit based on the same set of events. *Stewart v. Marathon Petroleum Co., LP*, No. 18-12510 (E.D. Mich. filed Aug. 13, 2018).

[18] R. Doc. No. 124, at 1–2.

6

opposition, Stewart now requests such certification. Neither Rule 54(b) nor Section 1292(b) warrant certification. Regardless, because the Court now dismisses the last remaining defendant, Quality Carriers, from this case, a final judgment will be issued on this date, and the certification issue is moot.

Accordingly,

**IT IS ORDERED** that the motion to dismiss for improper venue is **GRANTED** and that Stewart's claims against Quality Carriers, Inc. are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, September 12, 2018

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**